## CLAUDE SMOOT v. STATE.

No. A-2750.  Opinion Filed October 25, 1917.

(167 Pac. 1158.)

1  **INTOXICATING LIQUORS—Unlawful Conveyance—Sufficiency of Evidence.**  Evidence in a prosecution for unlawfully conveying whisky, in violation of the prohibitory liquor law, held to sustain a conviction.

2  **SAME—Time of Offense.**  The date alleged in an information for unlawfully conveying whisky in violation of the prohibitory law is immaterial, as time is not an essential element of the offense, which may be proved on any day prior to the filing of the information, and within the statutory period of limitations.

*Appeal from County Court, Comanche County;*

*R. J. Ray, Judge.*

Claude Smoot was convicted of a violation of the prohibitory law, and he appeals.  Affirmed.

*Lewis Hunter,* for plaintiff in error.

*R. McMillan,* Asst. Atty. Gen., for the State.

PER CURIAM.  Plaintiff in error was convicted in the county court of Comanche county of the crime of unlawfully conveying whiskey, and was sentenced to be confined in the county jail for a period of 30 days and to pay a fine of $50.  To reverse this julgment an appeal was perfected.

The only assignment of error briefed by counsel for plaintiff in error is that the court admitted evidence of another separate conveyance on the day following the date alleged in the information to have been the date on which this particular shipment of liquor was conveyed.  We have examined the record relative to this assignment of error, and find that the same is not supported thereby.  There

5-14

was testimony by one witness who saw this defendant, together with one Clark, receive a shipment of liquor from the depot in the town of Faxon, and this witness remembered the date as that of November 30th. The records, of the express agent showed that these same parties got a shipment of liquor on the 1st day of December, but it is clear from the evidence that the shipments testified to by the two witnesses were the same transaction, and it occurred prior to the filing of the information. This is not an essential element of this offense, and the date alleged in the information was immaterial. The offense could have been proved to have occurred on any other date prior to the filing of the information, and within the statutory period of limitations. The evidence is sufficient to sustain a conviction; the defendant making no substantial defense to the charge.

The judgment is affirmed.